1  Chad M. Hagan (*pro hac vice*)
   chad.hagan@hnbllc.com
2  Stephen M. Ferguson (*pro hac vice*)
   stephen.ferguson@hnbllc.com
3  **HAGAN NOLL & BOYLE LLC**
   820 Gessner, Suite 940
4  Houston, TX 77024
   Telephone: (713) 343-0478
5  Facsimile: (713) 758-0146

6  Attorneys for Plaintiffs

7  Ian Kelley (CASBN 215393)
   ikelley@sflaw.net
8  **LAW OFFICE OF IAN KELLEY**
   885 Bryant Street, Suite 202
9  San Francisco, CA 94103
   Telephone: (415) 581-0885
10 Facsimile: (415) 581-0887

11
   Attorney for Defendants
12

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISH NETWORK L.L.C., ECHOSTAR TECHNOLOGIES L.L.C., and NAGRASTAR L.L.C., <br><br> Plaintiffs, <br><br> v. <br><br> INTELLIGENT TECHNOLOGY, INC., and BYONG YONG KIM, <br><br> Defendants. | Case No. 2:09-CV-3436-WBS-KJM <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> (With Court Modifications Shown In Strikeout/Underline Format) |

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

      The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(7). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the <u>discovery period in this</u> litigation.  THEREFORE:

DEFINITIONS

      1.     The term "Confidential Information" shall mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.

      2.     The term "materials" shall include, but shall not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; email; computer records; other electronically stored information; models and prototypes and other physical objects.

      3.     The term "counsel" shall mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below:

      **A.**     **For Plaintiffs**

           (1)     HAGAN NOLL & BOYLE LLC

           (2)     LAW OFFICE OF DAVID BARRETT

*/////*

*/////*

1       **B.**     **For Defendants**

2           (1)    LAW OFFICE OF IAN KELLEY

3                       GENERAL RULES

4     4.    Each party to this litigation that produces or discloses any materials, answers to

5 interrogatories, responses to requests for admission, trial testimony, deposition testimony, and

6 transcripts of trial testimony and depositions, or information that the producing party believes

7 should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or

8 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

9         a.    Designation as "CONFIDENTIAL": Any party may designate information

10       as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the

11       unrestricted disclosure of such information could be potentially prejudicial to the business

12       or operations of such party.

13         b.    Designation as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

14       ONLY": Any party may designate information as "HIGHLY CONFIDENTIAL –

15       ATTORNEYS' EYES ONLY" only if, in the good faith belief of such party and its

16       counsel, the information is among that considered to be most sensitive by the party,

17       including but not limited to trade secret or other confidential research, development,

18       financial or other commercial information.

19     5.    In the event the producing party elects to produce materials for inspection, no

20 marking need be made by the producing party in advance of the initial inspection. For purposes of

21 the initial inspection, all materials produced shall be considered as "HIGHLY CONFIDENTIAL

22 – ATTORNEYS' EYES ONLY" and shall be treated as such pursuant to the terms of this Order.

23 Thereafter, upon selection of specified materials for copying by the inspecting party, the

24 producing party shall, within a reasonable time prior to producing those materials to the

25 inspecting party, mark the copies of those materials that contain Confidential Information with

26 the appropriate confidentiality marking.

27     6.    Whenever a deposition taken on behalf of any party involves a disclosure of

28 Confidential Information of any party:

      a.    said deposition or portions thereof shall be designated as containing Confidential Information subject to the provisions of this Order; such designation shall be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party shall have until fifteen (15) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY;"

      b.    the disclosing party shall have the right to exclude from attendance at said deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

      c.    the originals of said deposition transcripts and all copies thereof shall bear the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing, <u>unless otherwise ordered by the Court,</u> shall not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.  The party seeking to file such material shall first seek permission of the Court to file said material under seal.

7.    All Confidential Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be disclosed by the receiving party to anyone other than <u>the Court as necessary, or</u> those persons designated herein and shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

8.    Information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be viewed only by counsel (as defined in paragraph 3) of the receiving party, and by independent experts under the conditions set forth in this Paragraph. The right of any independent expert to receive any Confidential Information shall be subject to the advance

1    approval of such expert by the producing party or by permission of the Court. The party seeking
2    approval of an independent expert shall provide the producing party with the name and
3    curriculum vitae of the proposed independent expert, and an executed copy of the form attached
4    hereto as Exhibit A, in advance of providing any Confidential Information of the producing party
5    to the expert. Any objection by the producing party to an independent expert receiving
6    Confidential Information must be made in writing within fourteen (14) days following receipt of
7    the identification of the proposed expert. Confidential Information may be disclosed to an
8    independent expert if the fourteen (14) day period has passed and no objection has been made.
9    The approval of independent experts shall not be unreasonably withheld.

10       9.      Information designated "CONFIDENTIAL" shall be viewed only by <u>the Court if
11   necessary,</u> counsel (as defined in paragraph 3) of the receiving party, by independent experts
12   (pursuant to the terms of paragraph 8), and by the additional individuals listed below, provided
13   each such individual has read this Order in advance of disclosure and has executed a copy of the
14   form attached hereto as Exhibit A:

15       a.      Executives, Directors or In-House Counsel who are required to participate
16       in policy decisions with reference to this action;
17       b.      Technical personnel of the parties with whom Counsel for the parties find
18       it necessary to consult, in the discretion of such counsel, in preparation for trial of this
19       action; and
20       c.      Stenographic and clerical employees associated with the individuals
21       identified above;
22       d.      During their depositions, witnesses in the action to whom disclosure is
23       reasonably necessary.

24       10.     With respect to material designated "CONFIDENTIAL" or "HIGHLY
25   CONFIDENTIAL – ATTORNEYS' EYES ONLY" any person indicated on the face of the
26   document to be its originator, author or a recipient of a copy thereof, may be shown the same<u>, in
27   addition to the Court if necessary</u>.

28

11. All information which has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the producing or disclosing party, and any and all reproductions thereof, shall be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

12. Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material shall seek permission of the Court to file said material under seal.

13. At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information. The party objecting to confidentiality shall notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) business days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue shall be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

14. All Confidential Information shall be held in confidence by those inspecting or receiving it, and shall be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

15. No party shall be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

16. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties shall agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" - SUBJECT TO PROTECTIVE ORDER.

17. Nothing herein shall prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

18. Nothing in this Order shall bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information shall not be disclosed.

19. This Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order shall not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

20. Nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

21. Upon final termination of this action, including any and all appeals, counsel for each party shall, upon request of the producing party, return all Confidential Information to the

1  party that produced the information, including any copies, excerpts, and summaries thereof, or
2  shall destroy same at the option of the receiving party, and shall purge all such information from
3  all machine-readable media onwhich it resides. Notwithstanding the foregoing, counsel for each
4  party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the
5  Court that refer to or incorporate Confidential Information, and will continue to be bound by this
6  Order with respect to all such retained information.  Further, attorney work product materials that
7  contain Confidential Information need not be destroyed, but, if they are not destroyed, the person
8  in possession of the attorney work product will continue to be bound by this Order with respect to
9  all such retained information.

10      22.     <u>Unless otherwise ordered by the Court,</u> the restrictions and obligations set forth
11  herein shall not apply to any information that: (a) the parties agree should not be designated
12  Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge;
13  (c) the parties agree, or the Court rules, has become public knowledge other than as a result of
14  disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has
15  come or shall come into the receiving party's legitimate knowledge independently of the
16  production by the designating party. Prior knowledge must be established by pre-production
17  documentation<u>, unless otherwise ordered by the Court</u>.

18      23.     The restrictions and obligations herein shall not be deemed to prohibit discussions
19  of any Confidential Information with anyone if that person already has or obtains legitimate
20  possession thereof.

21      24.     Transmission by email to the addresses set forth below is acceptable for all
22  notification purposes herein:

23          **A.   <u>To Plaintiffs' Counsel</u>**
24              (1)   chad.hagan@hnbllc.com
25              (2)   stephen.ferguson@hnbllc.com
26          **B.   <u>To Defendants' Counsel</u>**
27              (1)   ikelley@sflaw.net
28

1  25. This Order may be modified by agreement of the parties, subject to approval by
2  the Court.
3  26. The Court may modify the terms and conditions of this Order for good cause, or in
4  the interest of justice, or on its own order at any time in these proceedings. The parties prefer that
5  the Court provide them with notice of the Court's intent to modify the Order and the content of
6  those modifications, prior to entry of such an order.

**IT IS SO STIPULATED THROUGH COUNSEL OF RECORD**

Dated: February 12, 2010           **HAGAN NOLL & BOYLE LLC**

By:     /s/
Chad M. Hagan (*pro hac vice*)
chad.hagan@hnbllc.com
Stephen M. Ferguson (*pro hac vice*)
stephen.ferguson@hnbllc.com
**HAGAN NOLL & BOYLE LLC**
820 Gessner, Suite 940
Houston, TX 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

David S. Barrett (CASBN 209986)
david@dsblawoffice.com
**LAW OFFICE OF DAVID BARRETT**
117 'J' Street, Suite 300
Sacramento, CA 95814
Telephone: (916) 440-0233
Facsimile: (916) 440-0237

Attorneys for Plaintiffs

Dated: February 12, 2010           **LAW OFFICE OF IAN KELLEY**

By:     /s/
Ian Kelley (CASBN 215393)
ikelley@sflaw.net
**LAW OFFICE OF IAN KELLEY**
885 Bryant Street, Suite 202
San Francisco, CA 94103
Telephone: (415) 581-0885
Facsimile: (415) 581-0887

Attorneys for Defendants

**IT IS SO ORDERED** this 19th day of February 2010

_____
U.S. MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISH NETWORK L.L.C., ECHOSTAR TECHNOLOGIES L.L.C., and NAGRASTAR L.L.C.,<br><br>Plaintiffs,<br><br>v.<br><br>INTELLIGENT TECHNOLOGY, INC., and BYONG YONG KIM,<br><br>Defendants. | Case No. 2:09-CV-03436-WBS-KJM<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

I, _____, declare and say that:

1. I am employed as _____ by _____.

2. I have read the Protective Order entered in *DISH Network L.L.C. et al. v. Intelligent Technology, Inc. et al.*, Case No. 2:09-CV-03436-WBS-KJM, and have received a copy of the Protective Order.

3. I promise that I will use any and all "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4. I promise that I will not disclose or discuss such "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information with anyone other than the persons described in paragraphs 3, 8 and 9 of the Protective Order.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the ~~Southern~~ Eastern District of California with respect to enforcement of the Protective Order.

6. I understand that any disclosure or use of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____

_____