1 | Chad M. Hagan (*pro hac vice*)
chad.hagan@hnbllc.com
2 | Stephen M. Ferguson (*pro hac vice*)
stephen.ferguson@hnbllc.com
3 | **HAGAN NOLL & BOYLE LLC**
820 Gessner, Suite 940
4 | Houston, TX 77024
Telephone: (713) 343-0478
5 | Facsimile: (713) 758-0146

6 | Attorneys for Plaintiffs

7 | Ian Kelley (CASBN 215393)
ikelley@sflaw.net
8 | **LAW OFFICE OF IAN KELLEY**
885 Bryant Street, Suite 202
9 | San Francisco, CA 94103
Telephone: (415) 581-0885
10 | Facsimile: (415) 581-0887

11 |
Attorney for Defendants
12 |

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

DISH NETWORK L.L.C., ECHOSTAR
TECHNOLOGIES L.L.C., and NAGRASTAR
LLC,

                 Plaintiffs,

     v.

INTELLIGENT TECHNOLOGY, INC., and
BYONG YONG KIM,

                 Defendants.

Case No. 2:09-CV-03436-WBS-KJM

**AGREED FINAL JUDGMENT AND
PERMANENT INJUNCTION**

**I.      INTRODUCTION & NATURE OF THE ACTION**

1.      Plaintiffs brought this action against Defendants Intelligent Technology, Inc. and Byong Yong Kim (collectively "Defendants") for unlawfully manufacturing, distributing and otherwise trafficking in devices, components, and technologies intended to facilitate the illegal and unauthorized reception and decryption of DISH Network's satellite television programming.

2.      DISH Network is a multi-channel video provider, providing video, audio, and data services to customers throughout the United States, Puerto Rico, and the U.S. Virgin Islands via a Direct Broadcast Satellite system.  DISH Network uses satellites to broadcast, among other things, movies, sports, and general entertainment services to consumers who have been authorized to receive such services after payment of a subscription fee (or in the case of a pay-per-view movie or event, the purchase price).

3.      To provide customers with a variety of programming channels, DISH Network contracts with and purchases the distribution rights of copyrighted programming from network affiliates, pay and specialty broadcasters, cable networks, motion picture distributors, sports leagues, event promoters, and other content providers, including HBO, SHOWTIME, ESPN, Cinemax, and Disney.

4.      Because DISH Network generates revenues through the sale of subscription packages and pay-per-view programming, and because the ability to attract and retain distribution rights for programming is dependent upon preventing the unauthorized reception of DISH Network programming, DISH Network's video channels, except for certain promotional channels, are all digitally secured and encrypted.

5.      Plaintiffs protect their DISH Network Programming from unauthorized viewing by using a management and security system, which serves two interrelated functions: (1) subscriber-management—allowing DISH Network to "turn on" or "turn off" Programming that a customer ordered, cancelled, or changed; and (2) encryption—preventing individuals or entities who have not purchased DISH Network programming from viewing it.

6.      The security system is comprised of two parts.  First, DISH Network encrypts (electronically scrambles) its satellite signals using proprietary technology provided by

Agreed Final Judgment and
Permanent Injunction

1   NagraStar.  Essentially, NagraStar provides DISH Network with "smart cards" ("Access Cards")

2   that contain a microprocessor component that functions as a security computer to a "conditional

3   access system" known as Digital Nagra Advanced Security Process ("DNASP").  These Access

4   Cards and related encryption technology are utilized in the satellite receivers that customers either

5   purchase or lease.  Second, the DNASP uses a complex encryption system that is combined with

6   a Digital Video Broadcasting ("DVB") scrambler/encoding system to effectively protect and

7   encrypt DISH Network programming.

8         7.      Defendants violated federal law by manufacturing, offering to the public,

9   providing, or otherwise engaging in the traffic of devices, components, and technologies that are

10  primarily designed to circumvent and defeat Plaintiffs' security system and ultimately facilitate

11  the unauthorized reception of Plaintiffs' encrypted satellite signals and copyrighted DISH

12  Network Programming.   Such devices, components, and technologies include: Visionsat branded

13  satellite television receivers, firmware and software designed or used for piracy in connection

14  with Visionsat receivers, and dongles.  Defendants acknowledge and admit that each of the

15  foregoing was primarily designed, marketed, and used to facilitate piracy of DISH Network

16  programming.

17  **II.     FINAL JUDGMENT & PERMANENT INJUNCTION**

18        Upon stipulation by the Parties, the Court, having reviewed the evidence and arguments in

19  this matter hereby ORDERS and ADJUDGES as follows:

20        (1)    Defendants and anyone acting in active concert or participation with, or at the

21  direction or control of Defendants are hereby PERMANENTLY ENJOINED from:

22              (a)     offering to the public, providing, or otherwise trafficking in any satellite

23              television receivers or set-top-boxes, software, firmware, dongles, or any other

24              device, component, or technology, or part thereof, through any means including

25              Internet key sharing (also known as Control Word Sharing), that:

26                     (i)    is primarily designed or produced for the purpose of circumventing

27                     Plaintiffs' security system, including the encryption and access control

28                     protection contained in the software on DISH Network Access Cards, or

2

**Agreed Final Judgment and
Permanent Injunction**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

any other technological measure adopted by Plaintiffs that effectively controls access to copyrighted programming on the DISH Network platform;

(ii)     has only a limited commercially significant purpose or use other than to circumvent Plaintiffs' security system, including the encryption and access control protection contained in the software on DISH Network Access Cards, or any other technological measure adopted by Plaintiffs that effectively controls access to copyrighted programming on the DISH Network platform;

(iii)     is marketed by any Defendant and/or others acting in concert with any Defendant for use in circumventing Plaintiffs' security system, including the encryption and access control protection contained in the software on DISH Network Access Cards, or any other technological measure adopted by Plaintiffs that effectively controls access to copyrighted programming on the DISH Network platform; and

(b)     assembling, modifying, selling, importing, and/or distributing any satellite television receivers, set-top-boxes, software, firmware, dongles, or other device, technology or part thereof knowing or having reason to know that such device, technology or part thereof is primarily of assistance in the unauthorized decryption of direct-to-home satellite services through any means including Internet Key Sharing (also known as Control Word Sharing);

(c)     intercepting Plaintiffs' satellite transmissions without Plaintiffs' authorization through any means including Internet Key Sharing (also known as Control Word Sharing);

(d)     assisting others in intercepting Plaintiffs' satellite transmissions without Plaintiffs' authorization through any means including Internet Key Sharing (also known as Control Word Sharing);

**Agreed Final Judgment and Permanent Injunction**

1        (e)     Testing, analyzing, reverse engineering, manipulating or otherwise

2        extracting codes or other technological information or data from Plaintiffs'

3        satellite television receivers, access cards, data stream or any other part or

4        component of Plaintiffs' security system or other technology used to gain access to

5        DISH Network programming including through the use of Internet Key Sharing

6        (also known as Control Word Sharing); and

7        (f)     Operating any website or URL that markets, promotes, distributes, or

8        provides any information or discussion forums related to the products, devices,

9        technology, codes, software, hardware, firmware, dongles, or components thereof

10       which Defendants are permanently enjoined from manufacturing, promoting,

11       distributing, or trafficking in pursuant to section (1)(a)-(e) above of this Final

12       Judgment and Permanent Injunction.

13     (2)     This Permanent Injunction takes effect immediately.

14     (3)     Should any Defendant breach any part of this Final Judgment or Permanent

15 Injunction, that Defendant shall be subject to damages in the amount of $110,000 for each such

16 breach or violation, which is the maximum statutory damage permitted per violation under 47

17 U.S.C. § 605(e)(3)(C)(i)-(ii).  For purposes of assessing damages under this section, each "device,

18 product, file, technology or part or component thereof" that is distributed by Defendants or others

19 acting in active participation or concert with Defendants in violation of this Final Judgment and

20 Permanent Injunction shall constitute a separate and discrete violation.  In the case of any

21 software, firmware, or other file distributed or posted by Defendants or others acting in active

22 participation or concert with Defendants, each time that software, firmware or other file is

23 downloaded by an end-user shall constitute a separate and discrete "violation" for purposes of

24 quantifying damages set forth in this section.

25     (4)     The Court further ORDERS judgment in favor of Plaintiffs DISH Network L.L.C.,

26 EchoStar Technologies L.L.C. and NagraStar LLC on each of Plaintiffs' claims under 17 U.S.C.

27 § 1201, 47 U.S.C. § 605, and 18 U.S.C. 2511 (Counts 1-5 in Plaintiffs' Complaint) in the

28

**Agreed Final Judgment and
Permanent Injunction**

1    aggregate amount of Sixteen Million Seven Hundred Sixty Six Thousand Four Hudred Dollars

2    ($16,766,400.00) as to Defendants.

3            (5)      The Court retains jurisdiction over this action for the purposes of enforcing this

4    Final Judgment and Permanent Injunction and adjudicating any disputes regarding the Parties'

5    underlying settlement agreement, including but not limited to disputes regarding the enforcement

6    or scope of the settlement agreement.

7            (6)      Each of the Parties is to bear its own costs and attorney's fees.

8            (7)      This is a final judgment.  Any and all relief not expressly granted herein is denied.

9     It is so ORDERED.

10    SIGNED and ENTERED this 12th day of November, 2010.

11

12                                WILLIAM B. SHUBB
                                  UNITED STATES DISTRICT JUDGE
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Agreed Final Judgment and
                                     Permanent Injunction**

1    Dated: November 11, 2010                **HAGAN NOLL & BOYLE LLC**

2
                                    By:  /s/ Stephen M. Ferguson
3                                        Chad M. Hagan (*pro hac vice*)
                                         chad.hagan@hnbllc.com
4                                        Stephen M. Ferguson (*pro hac vice*)
                                         stephen.ferguson@hnbllc.com
5                                        **HAGAN NOLL & BOYLE LLC**
                                         820 Gessner, Suite 940
6                                        Houston, TX 77024
                                         Telephone: (713) 343-0478
7                                        Facsimile: (713) 758-0146

8                                        David S. Barrett (CASBN 209986)
                                         david@dsblawoffice.com
9                                        **LAW OFFICE OF DAVID BARRETT**
                                         117 'J' Street, Suite 300
10                                       Sacramento, CA 95814
                                         Telephone: (916) 440-0233
11                                       Facsimile: (916) 440-0237

12                                       Attorneys for Plaintiffs

13

14
     Dated: November 11, 2010                **LAW OFFICE OF IAN KELLEY**
15
                                    By:  /s/ Ian Kelley
16                                       Ian Kelley (CASBN 215393)
                                         ikelley@sflaw.net
17                                       **LAW OFFICE OF IAN KELLEY**
                                         885 Bryant Street, Suite 202
18                                       San Francisco, CA 94103
                                         Telephone: (415) 581-0885
19                                       Facsimile: (415) 581-0887

20
                                         Attorney for Defendants
21

22

23

24

25

26

27

28

**Agreed Final Judgment and Permanent Injunction**